**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NOS. 7:09CR00043; 7:09cr00064** |
| | ) | **(CASE NOS. 7:11cv80325, 7:11CV80326)** |
| | ) | |
| **v.** | ) | <u>**MEMORANDUM OPINION**</u> |
| | ) | |
| | ) | |
| **AARON EUGENE WOODS,** | ) | **By: Glen E. Conrad** |
| | ) | **Chief United States District Judge** |
| **Defendant.** | ) | |

In each of the above referenced criminal cases, Aaron Eugene Woods, a federal inmate proceeding <u>pro se</u>, submits a motion seeking reconsideration under Federal Rule of Civil Procedure 60(b) of this court's judgment entered February 3, 2012, denying Woods' motion to vacate, set aside or correct the sentence, pursuant to 28 U.S.C. § 2255. Upon consideration of Woods' current submissions and the underlying record of the criminal and post-conviction proceedings, the court denies Woods' motions for reconsideration in each case, and construes and dismisses them as successive § 2255 motions.[1]

**I**

Woods stands convicted in two separate criminal cases, pursuant to a single, written plea agreement with the United States, which provided for a total term of 120 months in prison as an agreed and binding sentence under Federal Rules of Criminal Procedure 11(c)(1)(C). Woods filed a § 2255 motion, alleging several instances of ineffective assistance of counsel, the United States moved to dismiss, and Woods responded. In a 17-page memorandum opinion entered February 3, 2012, the court addressed the merits of Woods' § 2255 claims and denied relief. Woods' appeal of this judgment was unsuccessful.

---

[1] Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the court may summarily dismiss a § 2255 motion where "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case" that petitioner is not entitled to relief.

In the instant motion under Rule 60(b), Woods asserts that the court should "reconsider its summary dismissal of the § 2255 at issue and order that an evidentiary hearing be convened." (ECF No. 139-1, at 6.) Woods asserts that the court "misconstrued" his claims of ineffective assistance and improperly relied on Woods' statements during the plea colloquy as evidence that he entered knowing and voluntary guilty pleas under the plea agreement. Woods asserts that based on these alleged errors, the court should vacate the judgment and conduct an evidentiary hearing.

## II

When a defendant seeks Rule 60 relief from the court's judgment denying his § 2255 motion, he must demonstrate "some defect in the integrity of the . . . habeas proceedings" to justify revisiting the judgment, such as an erroneous finding of procedural default or a statute of limitations bar. Gonzalez v. Crosby, 545 U.S. 524, 532 (2005). The defendant may not use Rule 60 to evade the successive petition bar contained in 28 U.S.C. § 2255(h). Id. Therefore, a motion bringing new evidence or presenting a change in substantive law as a "reason justifying relief" under Rule 60(b) from dismissal of the § 2255 motion must be denied as such and construed and dismissed as a successive § 2255 motion. Id. at 531. Rule 60(b) also does not authorize a motion merely for reconsideration of a legal issue. "Where the motion is nothing more than a request that the district court change its mind, . . . it is not authorized by Rule 60(b)." United States v. Williams, 674 F.2d 310, 313 (4th Cir. 1982) ("Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue").

In his § 2255 motion, Woods claimed that ineffective assistance of counsel before the plea agreement caused his guilty plea to be unknowing and therefore invalid. The court addressed these claims squarely on the merits, finding from facts in the record that Woods was

not entitled to relief.  The gist of Woods' Rule 60(b) motions is that the court should now change its mind on the legal and factual issues determined during the § 2255 proceeding.  A motion seeking revisitation of issues already decided is exactly the type of Rule 60(b) motion recognized in Gonzales as improper.  Therefore, the court denies Woods' motions under Rule 60(b).

Given the nature of Woods' claims in his current motions, the court construes these submissions as § 2255 motions.  Gonzalez, 545 U.S. at 531; Castro v. United States, 540 U.S. 375, 381-82 (2003).[2]  This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. See § 2255(h).  Because Woods offers no indication that he has obtained certification from the Court of Appeals to file a second or successive § 2255 motion in either of his cases, the court dismisses Woods' current motions without prejudice as successive.  An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant and to counsel of record for the United States.

ENTER:  This 2nd day of April, 2013.

                                                    /s/  Glen E. Conrad
                                          Chief United States District Judge

---

[2] The Supreme Court recognized in Castro that "[f]ederal courts [may] ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category . . . . to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis."  540 U.S. at 381-82 (omitting citations).